UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **RICHARD D. EXE, et al.,** )  )  **Plaintiffs,** )  )  v. )  )  **FLEETWOOD RV, INC.,** )  )  **Defendant.** ) | CAUSE NO. 1:11-CV-70 |

## OPINION AND ORDER

Now before the Court in this case alleging violations of the Magnuson-Moss Warranty Act in connection with Plaintiffs' purchase of a motor home is Plaintiffs' motion for a sixty-day extension for the disclosure of final expert reports and other remaining deadlines, including the last day for completion of all discovery.[1] (Docket # 32.) Plaintiffs explain that they needed certain discovery responses from Defendant, which they only recently obtained, before their expert can reinspect the motor home and finalize his expert report. (Pls.' Br. 2, 5.)

Local Rule 37.1(b) requires that for every motion concerning discovery, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action. The certification shall also state the date, time, and place of the conference or attempted conference and the names of all persons participating therein." The certification is to be made in a separate document and filed contemporaneously with the motion. N.D. Ind. L.R. 37.1(c).

Here, the Plaintiffs' certification is inadequate. The certification merely represents that

---

[1] Under the current scheduling order, Plaintiffs were to disclose experts by November 1, 2011, and produce them for deposition by November 30, 2011; the last day for the completion of all discovery is January 31, 2012. (Docket # 24, 25.)

counsel "exchanged voluminous emails in an effort to . . . bring the dispute to a voluntary close," making no mention of any actual conversations between counsel.  Of course, as a general principle, an email exchange merely "recit[ing] each parties' general stance on the issue rather than any type of bartering or negotiations . . . does not represent meaningful dialogue or show an attempt at a such dialogue to satisfy Fed. R. Civ. P. 37(a)." *In re FedEx Ground Package Sys.*, No. 3:05-MD-527 RM, 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007); *see generally Imbody v. C & R Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (concluding that several letters exchanged between counsel was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that five letters filed as exhibits, standing alone, did not constitute sufficient evidence of a good faith conference).

Rather, "[a] good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody*, 2010 WL 3184392, at *1 (citation and internal quotation marks omitted); *Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted).  "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).  "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).

For the foregoing reasons, Plaintiffs' motion for a sixty-day extension for the disclosure of final expert reports and other remaining deadlines (Docket # 32) is DENIED.  The motion may be renewed, if necessary, after counsel conduct a conference, or Plaintiffs show that a conference was

attempted. *See Shoppell v. Schrader,* No. 1:08-cv-284, 2009 WL 2515817, at *2 (N.D. Ind. Aug. 13, 2009).

    SO ORDERED.

    Enter for November 10, 2011.

                                              S/Roger B. Cosbey
                                              Roger B. Cosbey
                                              United States Magistrate Judge