**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

RICHARD D. EXE and DONA EXE,

  Plaintiffs,

   v.                                            Civil Action No. 1:11-CV-70-JVB-RBC

FLEETWOOD RV, INC.,

  Defendant.

**OPINION AND ORDER**

In this action under the Magnusson-Moss Warranty Act ("MMWA"), 15 U.S.C.

§ 2301 et seq., Plaintiffs sue on the allegation that their 2010 Fleetwood Revolution

recreational vehicle ("RV") did not substantially conform to its warranty even after

Defendants had a reasonable opportunity to repair. Plaintiffs complain that their

Revolution has electrical problems that interfere with its leveling system and slide-outs[1].

Plaintiffs further accuse Defendant of surreptitiously tampering with the subject RV

during a November 9, 2011, discovery inspection. On the basis of that allegation,

Plaintiffs moved on July 25, 2012, for the sanction of judgment. The undersigned District

Judge referred the motion to Magistrate Judge Roger Cosbey on November 13, 2012, for

his report and recommendation. Judge Cosbey has overseen thorough litigation of the

underlying issues, including a two-day evidentiary hearing, post-hearing briefing with

responses, and proposed findings of fact and conclusions of law from the parties. Having

carefully considered the matter, he has recommended denying Plaintiffs' motion for

sanctions. Plaintiffs have timely objected to Judge Cosbey's report and recommendation,

---

[1] The slide-outs expand the cabin space when the RV is parked.

and Defendant has responded in opposition to that objection. This Order overrules Plaintiffs' objections, denies the motion for sanctions, and adopts Judge Cosbey's recommendation, findings of fact, and conclusions of law, except as specified below.

## A.  BACKGROUND

According to the brief supporting the motion for sanctions (DE 73-1), Defendant's spoliation consisted of three specific acts. First, Plaintiffs allege Defendant's inspectors, Douglas Haas and Barry Krueckeberg, secured the so-called "TriMark box" that Plaintiffs' now-deceased expert witness, John Jewell, recalled having seen "left to flop around in a storage compartment under the entrance steps." (*Id.* at 6–7.) Second, Plaintiffs claim Haas or Krueckeberg replaced a bolt on a bus bar[2] that was housed in a compartment that Jewell reported seeing with water damage and corrosion. (*Id.* at 7–8.) Third, Plaintiffs accuse Defendant of improperly manipulating a video recording that Krueckeberg made of Haas's testing of the slide-outs. According to Plaintiffs, the restored recording depicts the slide-outs malfunctioning. (*Id.* at 9–12.)

Defendant denies that Haas or Krueckeberg changed any bolts (DE 147 at 44–46) or secured the TriMark box. (*Id.* at 46–48.) Defendant further denies intentionally corrupting the video data and points out that defense counsel promptly forwarded the original disk and camera to Plaintiffs' counsel for him to inspect independently.

---

[2] *Bus bar* is sometimes spelled *buss bar* in the record, which appears consistent with Fleetwood's labeling inside the 2010 Revolution as depicted in photographs contained in our record. The Court spells *bus* with one *s* here, because the term is apparently derived from a shortened form of *omnibus*. *See* Wikipedia, Busbar, http://en.wikipedia.org/wiki/Busbar (last visited Sept. 30, 2013) ("In electrical power distribution, a busbar (also spelled bus bar, buss bar or bussbar, with the term bus being a contraction of the Latin omnibus - meaning for all) is a strip or bar of copper, brass or aluminium that conducts electricity within a switchboard, distribution board, substation, battery bank or other electrical apparatus.").

Defendant also asserts on the basis of Haas's affidavit that the slide-outs worked

normally during the inspection. (*Id.* at 48–52.)


### B.  STANDARD OF REVIEW

In this setting, "[t]he district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to. The district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). "[I]f following a

review of the record the district court is satisfied with the magistrate judge's findings and

recommendations it may in its discretion treat those findings and recommendations as its

own." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). "If no objection or only

partial objection is made, the district court judge reviews those unobjected portions for

clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing

*Goffman*, 59 F.3d at 671).


### C.  OBJECTIONS AND ANALYSIS

Plaintiffs' first objection is that "the MJ Report made no finding at all that the Exes or

Jewell lied at the hearing," but instead "found only" that Plaintiffs' and Jewell's

testimony was less credible. (Pls.' Br. Requesting De Novo Review of Magistrate Judge's

Report on Pls.' Mot. Sanctions, DE 151, at 5.) This objection is overruled, because the

report determined credibility at the appropriate level of specificity to reach a

recommendation on the sanctions requested and in light of the fact that Plaintiffs bore the

burden of proof. Moreover, the Court is persuaded by the Magistrate Judge's credibility

determination and rejects the view of the evidence urged by Plaintiffs in their objection.

It cannot be safely concluded that discrepancies in Krueckeberg and Haas's testimony

were the result of lies, and the holes in Plaintiffs' version of the events present far greater

problems. For instance, Jewell relied on memory alone of an inspection conducted a year

earlier in concluding that Defendant had replaced the bolt. Jewell's RV-specific

knowledge was very limited, and Defendant showed that the fact that the bolt in question

was installed "upside down" had no tendency to prove that it had been replaced, because

of the configuration of other bolts.

Next, Plaintiffs object that "the MJ Report declined to even consider the video tape

issue at all." (*Id.* at 6.) This objection is overruled because the basis given for it is simply

false. (*See* DE 150 at 12–13, 16.) In addition to Judge Cosbey's reasons not to grant the

motion for sanctions on the basis of alleged spoliation of the video, the Court notes that

Plaintiffs' counsel's own success at extracting data from the disk provided to him by

defense counsel undermines the theory that Defendant intended to corrupt the disk. It

seems instead that if some agent of Defendant had meant to destroy the data on that disk,

he would have been able to do so completely.

Judge Cosbey's report speaks for itself in persuasively responding to Plaintiffs' third

objection, which is that he should not have credited Haas and Krueckeberg's testimony as

regards Plaintiffs' first two allegations of spoliation. (*See id.* at 8–12.)

Plaintiffs' objection that defense counsel's emailed statement that "there was no

video from the inspection" constituted willful concealment of evidence is also without

merit. The rest of the email explained the circumstances that had led defense counsel to

4

conclude Haas and Krueckeberg had not obtained video footage, and invited Plaintiffs'

counsel to examine the disk himself.

Plaintiffs next request that the Court review Plaintiffs' RV in Hammond in order to

decide how to rule on the motion for sanctions. The Court finds the issues have been

amply litigated already and therefore denies the request.

At pages 10 and 11 of Plaintiffs' objecting brief, they take aim at Judge Cosbey's

finding that Defendant did not replace the bolt, by highlighting the possibility that Haas,

Krueckeberg, or both were aware of Jewell's report before the inspection. Plaintiffs raise

the issue again at pages 21 through 25 of their brief. Though Krueckeberg's testimony

leaves open the possibility that he was focusing on issues identified by Jewell's report

during the inspection, this potential problem would still not outweigh the much-greater

holes in Plaintiffs' version of what happened at the inspection, so this objection is

likewise overruled. Similarly, the objection that Haas could not have been credited

because of discrepancies in his characterizations of whether a bolt was shiny (DE 151 at

12–13) is just too minute in significance to warrant granting the motion for sanctions, so

it is likewise overruled.

Plaintiffs also assert that Judge Cosbey did not "mention reviewing Exh Nos. NN and

OO which contain the other bolts on the corroded buss bar." (DE 151 at 12.) Plaintiffs are

incorrect. Judge Cosbey convincingly ruled as follows, citing precisely those exhibits:

> Jewell was simply incorrect that the shiny bolt is the only one installed
> upside down on the buss bar. The photos show that, in actuality, two of the
> eight bolts on the buss bar are installed that way, as are others in similar
> Fleetwood units—apparently a decision Fleetwood technicians make
> during construction. (Tr. 358-60; Exs. NN, OO.) This misstatement
> undercuts the credibility of Jewell's testimony.

(DE 150 at 10 (citations in original).)

After rehashing other contentions Judge Cosbey's report and recommendation considered and properly disposed of, Plaintiffs object further that the report failed to mention the record evidence that "Fleetwood acted suspiciously from the beginning of and throughout the inspection." (DE 151 at 16.) Here Plaintiffs refer to defense counsel's reluctance to allow Plaintiffs to observe Defendant's inspection. (*Id.* at 16–17.) The objection is overruled because the correspondence between counsel that Plaintiffs rely on lacks substantial probative value as to the core issues of what Haas and Krueckeberg did or did not do during the inspection.

Plaintiffs next object that Judge Cosbey's report ignored the issue of how difficult or easy it would have been to make repairs during the inspection. (DE 151 at 17–18.) The Court overrules this objection, as well, because again the basis given for it is false. (*See, e.g.*, DE 150 at 5.) The Court does deviate from Judge Cosbey's report, however, insofar as the report states on page 5 in the first full paragraph that "Haas testified that he brought with him a computer bag, some documents, a notebook, a 'CAN instrument,' a voltmeter, and an orange (Tr. 321–22); and Krueckeberg bought a backpack that he testified contained documents, his laptop, a camera, and some snacks (Tr. 230, 249–50)" (DE 150 at 5); but in the last full paragraph of the same page that "Haas and Krueckeberg, in fact, did not bring any tools to the inspection." (*Id.*) That is, the Court finds Haas brought a "CAN instrument" and voltmeter with him to the inspection.

## D.  CONCLUSION

Plaintiffs' objections do not identify any error in Judge Cosbey's report and recommendation. The Court has independently reviewed the report as a whole and, on

6

that basis, the Court has concluded that Judge Cosbey committed no clear error in

portions of the report and recommendation to which no objection was made. The Court

therefore **OVERRULES** Plaintiffs' objections (DE 151); **ACCEPTS AND ADOPTS** Judge

Cosbey's recommendation, findings of fact, and conclusions of law (DE 150), except as

specified above; and **DENIES** the motion for sanctions (DE 73).

    **SO ORDERED** on September 30, 2013.

                            s/ Joseph S. Van Bokkelen
                            JOSEPH S. VAN BOKKELEN
                            UNITED STATES DISTRICT JUDGE