UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD D. EXE and <br> DONA EXE, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )     CAUSE NO.: 1:11-CV-70-TLS <br> ) |
| FLEETWOOD RV, INC., | ) <br> ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for the Entry of Attorney's Fees as Sanctions [ECF No. 179] filed by the Defendant on February 22, 2015. For the reasons stated in this Opinion and Order, the Motion is denied.

**BACKGROUND**

On October 20, 2010, the Plaintiffs filed a complaint alleging that the Defendant breached a warranty in violation of the Magnuson-Moss Warrranty Act, 15 U.S.C. § 2301, in connection with the sale of a motor home. Following a transfer from the Eastern District of Wisconsin, this matter was assigned to Judge Joseph S. Van Bokkelen on February 24, 2011, and then re-assigned to this Court on June 12, 2014.[1] The case eventually proceeded to a jury trial from April 21–24, 2015. The jury rendered a verdict in favor of the Defendant.

The Defendant's Motion for Sanctions [ECF No. 179]—the only motion remaining in

---

[1] Prior to its re-assignment, the parties engaged in lengthy discovery and contentious motions practice, including the Plaintiffs' Motion for Sanctions Based on Spoliation of Evidence [ECF No. 73], which was filed on July 25, 2012, and denied on September 30, 2013 [ECF No. 153].

this case—presents issues stemming from a failed pre-trial mediation that occurred on August 10, 2011. At the conclusion of mediation, Attorney Paul Petticrew (the mediator) imposed a $500 mediation fee for each party. Pursuant to Rule 2.6 of the Indiana Rules of Alternative Dispute Resolution (ADR), the mediation fee was due 30 days after the close of mediation. On July 24, 2014, the Court conducted a telephone status/scheduling conference, at which the Court was informed by Attorney Bruce S. Terlep (counsel for the Defendant) that the Plaintiffs had not paid the mediation fee.

Over six months later, on February 16, 2015, the Defendant filed a Motion to Compel and for Sanctions [ECF No. 176]—purportedly at the request of Attorney Petticrew—because the Plaintiffs continued to withhold payment of the mediation fee. Attached to the Motion is an invoice for the mediation fee, dated August 10, 2011; and a letter from Attorney Petticrew to Attorney Terlep, dated February 11, 2015. In the Motion, the Defendant asked the Court to enter an order compelling the Plaintiffs and/or their counsel, Attorney Lawrence A. Towers, to pay the mediation fee; and to enter "any other sanction" the Court deems appropriate. (Mot. to Compel 3.)

On February 18, 2015, the Plaintiffs filed a Response [ECF No. 178], wherein they affirmed their opposition to paying the $500 fee because of Attorney Petticrew's "clear bias in favor of [the Defendant]." (Pl.'s Resp. 4.) The Response included specific references and descriptions of the parties' statements and conduct during the course of mediation, including statements allegedly made by the mediator. Attached to the Response is an Affidavit from Attorney Towers, and a letter from Attorney Towers to the mediator, dated April 16, 2013. Similar to the Response, the letter contains specific information related to the parties' statements

and conduct during the mediation, along with accusations made by Attorney Towers as to the mediator's partiality toward the Defendant.

On February 22, 2015, the Defendant filed a Motion to Dismiss the Plaintiffs' Case, With Prejudice, and for the Entry of Attorney's Fees as Sanctions [ECF No. 179], arguing that sanctions in the form of dismissal and/or attorney's fees is appropriate because the Plaintiffs, through their Response [ECF No. 178], disclosed confidential information related to the mediation. The Defendant also argued that the Plaintiffs, through their Response, "besmirch[ed] the integrity of opposing counsel . . . [and the mediator]." (Def.'s Mot. 14.) The Plaintiffs filed a Response [ECF No. 180] on March 1, 2015; and the Defendant filed Replies [ECF Nos. 181, 189] on March 3, 2015, and March 11, 2015. The Court withheld ruling on the Defendant's Motion for Sanctions pending the resolution of a jury trial.

Following trial, the Plaintiffs filed a Notice [ECF No. 233] on May 5, 2015, indicating that they had satisfied the Defendant's bill of costs by submitting a check in the amount of $14,363.62. The Plaintiffs also indicated that they submitted to the mediator a check in the amount of $650 in full satisfaction of the mediation fee, as represented by the mediator. However, on May 11, 2015, the Defendant filed a Motion for a Hearing [ECF No. 234] on the Defendant's Motion for Sanctions [ECF No. 179]. In lieu of an in-person hearing, the Court conducted a telephone conference with the parties on July 23, 2015. After receiving arguments from each party, the Court ordered the Defendant to file a fee application within 30 days, and the Plaintiffs to respond to the fee application within 15 days of its filing.

On August 21, 2015, the Defendant filed a Supplemental Memorandum in Support of its Motion for Sanctions [ECF No. 243], along with fee application in the form of detailed time

entries and a sworn affidavit from Attorney Terlep. The Defendant also attached an e-mail from Attorney Towers to Attorney Terlep, dated May 3, 2015. Through these submissions, the Defendant requests attorney's fees in the amount of $66,481.00, which consists of all attorney's fees accrued by the Defendant in this matter from February 16, 2015 (the date the Defendant filed the Motion to Compel and for Sanctions [ECF No. 176]), to August 21, 2015.[2] On August 28, 2015, the Plaintiffs filed a Response [ECF No. 244]; and on August 31, 2015, the Defendant filed a Reply [ECF No. 245]. The Defendant's Motions for Sanctions [ECF Nos. 176, 179]—which have been consolidated into a single motion [ECF No. 179]—are now fully briefed and ripe for ruling.

## ANALYSIS

Pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2), a court may impose sanctions where a party has failed to obey a scheduling or pretrial order. Moreover, a court may exercise its "inherent power to fashion an appropriate sanction for conduct which abuses the judicial process." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (internal quotation marks and citation omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) ("[A] court may assess attorney's fees [under its inherent powers] when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or has exhibited "willful disobedience of a court order.") (internal quotation marks and citation omitted). Ultimately, the imposition of sanctions, as well as the nature of such sanctions, is a matter

---

[2] The Defendant originally requested $67,801.00, but this request was subsequently lowered due to a clerical error.

committed to the court's discretion. *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 655 (7th Cir. 1989); *see also Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993) ("[A] district court is necessarily vested with considerable discretion in deciding whether to impose sanctions . . . and, if so, in determining what form the sanctions should take.").

The Defendant argues that sanctions in the form of attorney's fees are appropriate primarily because the Plaintiffs, through their Response to the Defendant's Motion to Compel and for Sanctions, disclosed confidential information related to the parties' mediation. Specifically, the Defendant asserts that the Plaintiffs violated Indiana ADR Rule 2.11, which, pursuant to N.D. Ind. L.R. 16-6(c), applies to all ADR processes unless otherwise ordered by the court. Rule 2.11 provides in relevant part:

> Confidentiality . . . Mediation shall be regarded as settlement negotiations as governed by Ind. Evidence Rule 408 . . . Mediation sessions shall be closed to all persons other than the parties of record, their legal representatives, and other invited persons. Mediators shall not be subject to process requiring the disclosure of any matter discussed during the mediation, but rather, such matter shall be considered confidential and privileged in nature. The confidentiality requirement may not be waived by the parties, and an objection to the obtaining of testimony or physical evidence from mediation may be made by any party or by the mediators.

Indiana ADR Rule 2.11; *see also Marchal v. Craig*, 681 N.E.2d 1160, 1163 (Ind. Ct. App. 1997) (noting that "[a]ll matters discussed in mediation are strictly confidential and privileged.") (citation omitted).

According to the Defendant, because ADR Rule 2.11 applied to the parties' court-ordered mediation, and the Plaintiffs committed a violation by disclosing confidential information related to the mediation, the Plaintiffs have, in essence, violated a pretrial order. Therefore, the Defendant argues that the Court, in addition to its inherent authority, is authorized to impose sanctions under Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2). *See also* Indiana

5

ADR Rule 2.10 ("Upon motion by either party and hearing, the court may impose sanctions against any attorney, or party representative who fails to comply with these mediation rules, limited to assessment of mediation costs and/or attorney fees relevant to the process.").[3]

For support, the Defendant points to *Salmeron*, 579 F.3d 787, and *Hand v. Walnut Valley Sailing Club*, 475 Fed. App'x. 277 (10th Cir. 2012) (unpublished)—each of which involve a district court's order of sanctions in the form of dismissal. In *Salmeron*, sanctions were imposed after the district court found that an attorney acted willfully when he violated an oral agreement and leaked a confidential document obtained through discovery to three separate sources (i.e., his client, another lawyer, and a newspaper reporter). *Id.* at 794.[4] The court noted that, prior to the leak, the attorney engaged in a "'virtually unbroken pattern of dilatory and irresponsible conduct,'" which included his failure to meet filing deadlines and appear at status conferences. *Id.* at 789 (quoting *U.S. ex rel. Salmeron v. Enter. Recovery Sys.*, No. 05 C 4453, 2008 WL 3876135, at *1 (N.D. Ill. Aug. 18, 2008)). The court's order of sanctions was also preceded by a "final warning" to the attorney that future misconduct would not be tolerated. *Id.*

---

[3]The Defendant also cites the Court's authority to impose sanctions under 28 U.S.C. § 1927, which states that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In other words, "'[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.'" *Kapco Mfg. Co. v. C & O Enterps., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quoting *In re TCI*, 769 F.2d 441, 445 (7th Cir. 1985)); *see also Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006) ("To be liable under section 1927, counsel must have engaged in serious and studied disregard for the orderly process of justice.") (internal quotation marks and citation omitted).

[4]Following the leak, the confidential document was posted on Wikileaks.org, "a multi-national media organization and associated library" that "specializes in the analysis and publication of large datasets of censored or otherwise restricted official materials involving war, spying and corruption." https://wikileaks.org/What-is-Wikileaks.html (last visited Jan. 26, 2016).

Similarly, in *Hand*, sanctions were imposed after the district court found that the plaintiff intentionally disclosed "extensive and prejudicial details" related to the parties' mediation (including the mediator's statements and the defendant's settlement offer) to nearly 50 individuals—several of whom were potential witnesses at trial. 475 Fed. App'x. at 279. The district court stated that sanctions were justified because the plaintiff—who testified in a deposition that he "absolutely" disclosed the confidential information because he believed the recipients "had a right to know," *id.* at 278—"demonstrated complete disrespect for the confidential mediation process." *Id.* at 279 (quoting *Hand v. Walnut Valley Sailing Club*, No. 10–1296–SAC, 2011 WL3102491, at *4 (D. Kan. July 20, 2011)); *see also Hand*, 2011 WL 3102491 at *1 (noting that the plaintiff "essentially provid[ed] his blow-by blow description of everything that happened during the mediation").

Contrary to the Defendant's assertion, this case is readily distinguishable from *Salmeron* and *Hand*, which both involved confidential disclosures that were flagrant, extensive, intentionally directed at third-parties outside of the litigation, and clearly intended to prejudice the opposing party. In contrast, this case involves confidential disclosures—by way of an electronic filing to this Court—that were relatively limited in both content and motives. *See* Attorney Towers's Aff. 1–2, ECF No. 244-1 (testifying that the only purpose for the disclosures was to defend against the Defendants' Motion to Compel and for Sanctions [ECF No. 176]). While such disclosures (and the mediation-related tactics of Plaintiffs' counsel) may accurately be described as amateurish or indecorous, they do not, in the Court's view, reach the level of being sanctionable. *See In re Young*, 253 F.3d 926, 927 (7th Cir. 2001) ("Although settlement negotiations are of course confidential for most purposes, their contents may be revealed insofar

7

as necessary for the decision of an issue of alleged misconduct in them.") (citing *Pueblo of San Ildefonso v. Ridlon*, 90 F.3d 423, 424 n.1 (10th Cir. 1996) (finding no violation of the rule of confidentiality when an attorney disclosed certain information regarding the content of settlement negotiations because "the disclosure was necessary in order to respond to [the court's] order to show cause.")); *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509 (7th Cir. 2007) (declining to impose monetary sanctions for plaintiffs' counsel's alleged disclosure of discussions that occurred in the course of settlement proceedings); *but cf. May v. Gale Tschuor Co.*, No. 2:08 CV 172, 2009 WL 3763161, at *2-3 (N.D. Ind. Nov. 6, 2009) (imposing monetary sanctions because plaintiff's counsel failed to appear at a court-ordered mediation and had a history of failing to meet deadlines); *In Re Hein*, 341 B.R. 903, 906 (N.D. Ind. 2006) (finding that a party's failure to attend a pre-trial conference that could have resolved the issue created unnecessary costs and was subject to sanction).

Moreover, the Court notes that since the filing of the Defendant's pre-trial Motion to Dismiss the Plaintiffs' Case, With Prejudice, and for the Entry of Attorney's Fees as Sanctions [ECF No. 179]—which was preceded by nearly five years of protracted and contentious litigation—the Defendant has not only prevailed at a jury trial, but has recovered costs from the Plaintiffs in the amount of $14,363.62. In conjunction with their timely payment of costs, the Plaintiffs have also submitted to the mediator a check in the amount of $650 in full satisfaction of the mediation fee. Given these actions, coupled with the extensive public record made in this case regarding the conduct of Plaintiffs' counsel, the Court views the Defendant's requested relief as not only excessive given the circumstances of this case, but also as having been rendered essentially moot.

In sum, the Court sees no wisdom in exercising its discretionary authority to impose sanctions in this matter.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Defendant's Motion for the Entry of Attorney's Fees as Sanctions [ECF No. 179].

SO ORDERED on January 26, 2016.

                                                       s/ Theresa L. Springmann
                                                    THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT